# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUCIA MADRID,**

         **Plaintiff,**

**-vs-**                            **Case No.  6:06-cv-268-Orl-31JGG**

**PRIME HOSPITALITY CORP. d/b/a**
**Amerisuites Hotel,**

         **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 7)** |
| **FILED:** | **June 1, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff filed suit on March 3, 2006, claiming violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  The return of service against the defendant corporation shows that the corporation's auditor, John Bellis, was personally served in Fairfield, New Jersey on March 31, 2006.  Docket No. 6.  Defendant has not answered or otherwise responded to the complaint.  Plaintiff now moves for entry of clerk's default against Defendant.  Docket No. 7.

## I.    <u>THE LAW</u>

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by:  (1) delivering a copy of the summons and

complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) in the manner prescribed by subdivision e(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Assuming a corporation's auditor is not an officer or agent within the meaning of Rule 4(h), service may also be made in accordance with Florida law, where the district court is located, or New Jersey law, where the service occurred.  Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081.  For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the "statutorily prescribed superior classes of persons who may be served." *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So.2d 372, 373 (Fla. App. 4 Dist., 2001).

New Jersey Civil Practice Rule 4:4-4(a)(6) sets forth the proper manner of service for corporations in New Jersey. This section permits a plaintiff to serve a defendant corporation by

delivering a copy of the summons and complaint personally to "any officer, director, trustee, or managing or general agent or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the principal place of business of the corporation in this State in charge thereof. . . ." N.J. R. Ct. Civ. R. 4:4-4(a)(6).

II.   **ANALYSIS**

The return of service shows personal service on an individual named John Bellis, Defendant's auditor, but provides no additional information. The return of service fails to state whether Bellis was an officer, director, managing agent, or authorized agent for service of process. From the face of the return of service, the Court cannot ascertain that service was properly effected under any permissible method.[1]

The motion for entry of Clerk's default, therefore, is denied without prejudice. Plaintiff may re-file her motion and supplement her showing that service upon Defendant was properly effected.

The Clerk is directed to serve this order and all future orders on Defendant, until such time as Defendant may appear, at Prime Hospitality Corp., Attn. Richard Szymanski, 700 Route 46 East, Fairfield, NJ 07004.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[1]According to publically available information from the Florida Department of State, Division of Corporations and the New Jersey State Business Gateway Service, Bellis is neither a registered agent for Defendant, nor is he an officer or director of the Defendant corporation. Nevertheless, the Court will not take judicial notice of such information under Fed. R. Evid. 201 absent a request by a party.

Copies furnished to:

Counsel of Record
Unrepresented Parties